Anton Ewing
3077 Clairemont Drive #372
San Diego, CA 92117
619-719-9640
anton@antonewing.com

Plaintiff in Pro Per

Jerrod Grant Robker, III
3062 Hemlock Lane
Cedar City, Utah 84721

Defendant

# THE UNITED STATES BANKRUPTCY COURT

## DISTRICT OF UTAH
(206 West Tabernacle, Courtroom 2B, St. George, UT 84770)

| | |
|---|---|
| In re: Jerrod Grant Robker, III, Debtor, | BK Case No. 22-23945 |
| | Adversary No. 23-02003 |
| Anton Ewing, an individual, Plaintiff, | **JOINT MOTION TO DISMISS AND REQUEST FOR ORDER APPROVING SETTLEMENT** |
| vs. | |
| Jerrod Grant Robker, III; an individual; Defendant. | |
| | (*The Honorable William T. Thurman*) |

May it please the Bankruptcy Court, Plaintiff Anton Ewing (herein "Plaintiff" or "Ewing"), and Defendant Debtor Jerrod Grant Robker, III, an

JOINT MOTION TO DISMISS AND REQUEST FOR ORDER APPROVING SETTLEMENT - 1

22BK2394

individual (herein "Robker"), hereby respectfully move the Court to enter the following order:

## ORDER OF APPROVAL

1. Good cause appearing, and upon consideration of the Joint Motion submitted by the parties, Plaintiff Anton Ewing, and Defendant Jerrod Grant Robker III, ("Defendant" or "Debtor"), it is hereby ORDERED that:

   a. The settlement agreement between the parties, its associated debt obligation and the judgment of $40,000 in 16cv2415 (*Ewing vs. Robker*), shall not be dischargeable pursuant to section 523(a)(6) of Title 11 of the bankruptcy code;

   b. Each party shall bear its own attorneys' fees and costs incurred in connection with this Action;

   c. The Agreement between the parties is approved by the Court which provides for a monthly payment to Plaintiff by Defendant.

   d. The case is otherwise dismissed with prejudice subject to the above terms and conditions.

   e. The Clerk of the Court is directed to close case number 23-02003.

   **SO ORDERED**

Dated: _____

_____
Honorable Judge William T. Thurman

2. The parties have reached a settlement agreement which is now signed by both sides. Defendant agrees, concedes and stipulates that the debt is not dischargeable under 11 USC §523(a)(6) as pled in this adversary action.

3. To avoid the costs of suit and to conserve judicial resources, the parties hereby jointly move the Court to enter the above order resolving all matters in this adversary action.

4. The parties each thank the Court for its valuable time and consideration.

Dated: February 23, 2023

/S/ *Anton Ewing*
Anton Ewing, Plaintiff

/S/ *Jerrod Grant Robker, III*
Jerrod Grant Robker, III
Defendant

# EXHIBIT 'A'

# SETTLEMENT AGREEMENT AND RELEASE

This SETTLEMENT AGREEMENT AND RELEASE (the "Agreement") is made and entered into as of February 1, 2023 (the "Effective Date"), by and between Anton Ewing ("Mr. Ewing"), and Jerrod Grant Robker III (collectively "Robker"). Collectively, Mr. Ewing, and ROBKER are referred to herein as the "Parties" and are the sole parties to this Agreement.

## RECITALS

WHEREAS, in 2016, Mr. Ewing claimed to have received multiple telephone calls and/or text messages on his telephone from ROBKER or its agents;

WHEREAS, ROBKER sent Ewing several derogatory and foul emails.

WHEREAS, Mr. Ewing states that the representative on the call recorded the call and Mr. Ewing alleges the call was recorded without his consent and that no disclosure of recording was made at the beginning of the call;

WHEREAS, Mr. Ewing states that his home and cell phone are protected by the National Do Not Call list and that there is no prior business relationship with ROBKER or its agents;

WHEREAS, Mr. Ewing states that he has expressly informed ROBKER to never call him ever again over the prior year at least three times.

WHEREAS, shortly after receiving the call, Mr. Ewing contacted ROBKER representatives to discuss a potential class action lawsuit against ROBKER. Mr. Ewing made allegations of violations of California's Invasion of Privacy Act, Cal. Pen. Code §§ 630-638, the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961-1968, the Telephone Consumer Protection Act, 47 U.S.C. §227, that ROBKER and/or its agents made phone calls to

his cellular and home telephone in violation of federal or state law, and that ROBKER illegally obtained his information (the "Allegations");

**WHEREAS**, ROBKER did in fact call Ewing on his 619-719-9640 cell phone which is registered to the National Do Not Call list and did record said conversation, and did call Ewing's cellular phone, all with an automated telephone dialer (robo-dial) in order to engage in unlawful telemarketing and illegal recording;

**WHEREAS**, Mr. Ewing is not and never has been associated in any manner with ROBKER;

**WHEREAS**, Mr. Ewing has in fact filed a lawsuit against ROBKER in California which is now a judgement in the federal district court for the Southern District entitled 16-CV-2415 for $40,000; Robker made contact, on his own, with Ewing on January 3, 2023;

**WHEREAS**, ROBKER has violated 47 USC §501 by violating 47 USC §227 by calling Mr. Ewing to engage in illegal telemarketing;

**WHEREAS**, ROBKER is running an Enterprise as that term is defined in 18 USC §1961, et seq.;

**WHEREAS**, ROBKER has engaged in wire fraud as defined in 18 USC §1343 by illegally using the wires of the United States to engage in illegal telephone solicitation of California residents, including Mr. Ewing; Robker agrees and stipulates that this debt herein and the judgment in 16cv2415 are within the scope of §523(a)(6) making the debts non-dischargeable in bankruptcy;

**WHEREAS**, Mr. Ewing owns and operates a website that expressly informs the public to not call his cellular phone unless there is a prior existing business relationship; and

**WHEREAS**, the Parties desire to compromise and settle any and all claims by Mr. Ewing personally that were or might have been asserted in the Allegations (the "Dispute"), solely to avoid

the expense of pursuing protracted domestic and international investigations, discovery, and litigation;

**THEREFORE**, in consideration of and in reliance upon only the respective representations, covenants, terms and conditions contained herein, as well as other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties agree as follows:

## AGREEMENT

1. **Recitals.** Each of the foregoing recitals constitutes a substantive provision of this Agreement and is incorporated into, and made a part of, the Parties' Agreement.

2. **Payment to Mr. Ewing.** In full and final settlement of all claims that were or might have been asserted by Mr. Ewing in the Allegations, the consideration tendered by ROBKER to Mr. Ewing pursuant to this Agreement shall be: $500 upon signing this agreement, and $167 per month for the first three months on top of the $150 per month, every month for one hundred fifty (150) months ("Settlement Payments") ($22,500 total) beginning April 1, 2023 until paid in full. The initial $500 and the additional payments of $167 for three months, total $1000, is to make up for the additional time and costs of filing the Adversary Action in the Utah bankruptcy court. Time is of the essence of this Agreement as well as all payments to be made. The phrase "time is of the essence" means that if Robker misses one payment, by one day, then he is in material breach. ROBKER, who has a pending Chapter 7 bankruptcy case (22-23945) in Utah, shall cause the monthly Settlement Payments to be tendered via cashier's check or money order, or Zelle deposit, Paypal or venmo and delivered to Anton Ewing following execution of this Agreement. Robker is not going to, and he hereby promises, that the monthly payments are not going to become a time burden for Ewing each month. They will be deposits made without monthly input and time expenditure by Ewing. The Settlement Payments shall be payable to Anton Ewing and **shall be**

Page 3 of 11



sent to 3077 B Clairemont Drive, Suite 372, San Diego, CA 92117, or other transfer via zelle, paypal or venmo. Said payments to be delivered via Fedex or UPS or wire. Mr. Ewing will not provide ROBKER with his social security number. ROBKER will not issue any 1099 to Mr. Ewing's social security number. The payments are not a tax deduction for Robker. Each party is responsible for their own tax obligations. ROBKER warrants that it does not have Mr. Ewing's social security number and will not attempt to obtain the same at any time. Mr. Ewing agrees to not knowingly call Robker or any family member of Robker, at any time if and only if Robker makes all of the 150 payments in a timely manner as stated above. If Robker fails to make a payment, then he is in breach of this Agreement. Upon full and final payment of all 150 payments described above, Mr. Ewing shall file a satisfaction of judgment, within 30 days of said final payment, in the Southern District of California in 16cv2415. Failure to timely pay any single payment on or before the 1st of each month shall constitute a material breach by Robker. The judgment that Ewing obtained against Robker is not dischargeable in bankruptcy.

The parties agree to file a joint motion and the order shall read as follows:

## ORDER OF APPROVAL

Good cause appearing, and upon consideration of the Joint Motion submitted by the parties, Plaintiff Anton Ewing, and Defendant Jerrod Grant Robker III, ("Defendant" or "Debtor"), it is hereby ORDERED that:

1. The settlement agreement between the parties, its associated debt obligation and the judgment of $40,000 in 16cv2415 (Ewing vs. Robker), shall not be dischargeable pursuant to section 523(a)(6) of Title 11 of the bankruptcy code;

2. Each party shall bear its own attorneys' fees and costs incurred in connection with this Action;

3. The Agreement between the parties is approved by the Court.

**SO ORDERED**

Dated: _____

_____
Honorable Judge William T. Thurman

3. **Warranties and Representations.** Each Party represents and warrants to the other Party that the Party executing this Agreement: has all requisite power and authority to execute and deliver this Agreement on behalf of such Party; has had full and ample opportunity to conduct any and all required due diligence or investigation with respect to all pertinent matters; and has been advised by legal counsel with respect to the subject matter of the Lawsuit, this Agreement, and their attendant risks and benefits. The parties further acknowledge that Mr. Ewing has never lost any civil lawsuit filed in any court regarding the TCPA, RICO or California's PC §637.2 et seq. Mr. Ewing is the prevailing party for any and all Section 391 vexatious litigant purposes.

**A.** ROBKER will never contact Mr. Ewing ever again via email, telephone, robo-call, fax, letter, text or any other method or manner of communication except through their counsel. The telephone numbers covered by this agreement are: 619-719-9640, 858-333-1962, 619-347-0726. If ROBKER ever breaches this material provision then Ewing shall have the right to file a lawsuit against ROBKER and ROBKER hereby admits as true all the factual assertions contained herein above, including that the judgment was based upon a willful and malicious act. Further, in any litigation over this above stated breach, ROBKER agrees, stipulates and warrants to fully reimburse Ewing's attorney fees, deposition costs, service of process costs, videographer costs, trial preparation costs, expert witness costs, costs of appeal and court filing fees related to said litigation. Additionally, if ROBKER ever contacts Ewing as indicated above, ROBKER waives any statute of limitations defense and waives any right to file a motion to dismiss, motion for

Page 5 of 11   

summary judgment or anti-SLAPP motion in said litigation. This above paragraph A controls over all other provisions of this agreement. This paragraph is a material provision of this agreement. Counsel for defendant has read this paragraph and fully explained it to its client (Robker).

4. **Release of ROBKER.** If and only if Robker makes all payments required above, Mr. Ewing and his affiliates, insurers, employees, agents, attorneys, representatives, successors, and assigns, hereby completely and irrevocably releases ROBKER, together with ROBKER's parents, predecessors-in-interest, subsidiaries, insurers, officers, directors, shareholders, employees, and successors (collectively, the "ROBKER Releasees") from any and all past and present causes of action, claims, demands, obligations, liabilities, expenses, damages, costs, or losses, of whatever kind or nature, in law or equity, in tort or in contract, suspected to exist or not suspected to exist, anticipated or not anticipated, known or unknown, which have arisen, from the beginning of time to the Effective Date of this Agreement, that were or might have been asserted in the Allegations. Without limitation, Mr. Ewing hereby completely and irrevocably releases the ROBKER Releasees from any and all claims that were or could have been made pursuant to the California's Invasion of Privacy Act, Cal. Pen. Code §§ 630-638, the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961-1968, Public Utility Code §2873 and the Telephone Consumer Protection Act, 47 U.S.C. §227. Anton Ewing is deemed the prevailing party.

5. **Covenant Not to Sue and Future Obligations.** Mr. Ewing hereby covenants that he shall not commence or maintain (whether in a person, entity, or in a class capacity) any suit against the ROBKER Releasees based upon the facts that were or could have been alleged in the Allegations. Mr. Ewing, however, may respond to a valid and legally enforceable subpoena or other discovery request in the most limited manner required by such subpoena or request, provided that ROBKER is provided with notice of such subpoena or discovery request. Mr. Ewing may



freely release, in camera, any information needed to rebut or defend against any accusation of vexatious litigant status and is deemed the prevailing party for California Code of Civil Procedure §391 purposes only. Mr. Ewing filed a valid and legitimate lawsuit and is the prevailing party for vexatious litigant purposes.

6. **Admission of Liability.** Robker hereby admits that he is and was liable on the 16cv2415 action for all of the matters alleged therein, including those assertions that support an exception to discharge under §523(a)(6) of Title 11 of the United States Code. This paragraph may be plead in any future bankruptcy filing that Robker may file. If the bankruptcy judge does not approve the order as provided herein, then there is no agreement, contract or settlement of this matter.

7. **Confidentiality and Non-Disclosure.** Robker, but not Ewing, acknowledges and understands that, other than an acknowledgement or statement that the Dispute has settled, Robker may not discuss or disclose this Agreement or its terms and conditions, including the settlement amount, except:

    (a)    As required by a court order;

    (b)    as required to enforce this Agreement;

    (c)    as a defense to an action to enforce this Agreement;

    (d)    to such Party's attorneys;

    (e)    to any applicable taxing authority;

    (f)    as part of any disclosures made pursuant to state or federal securities laws; and

    (g)    to any statutory or contractual lienholder.

If any third party, including any employee thereof, judicial or administrative officer or otherwise, seeks to obtain this Agreement, the terms thereof, or documents, discussions, and/or



information relating to the Agreement, and/or the Dispute settled by the Agreement, Robker shall object and resist providing any such documents or information. If Robker is compelled to disclose, publish, publicize or disseminate in any way the contents of the Agreement as a result of the matters set forth in the provisions above, the party receiving the request shall, to the extent reasonably possible, provide notice to the other as quickly as possible, so that the other party may make any objections, motions, filings or other actions to prevent such disclosure, publication or dissemination. Ewing may release a copy of this Agreement to any judge or judicial officer without notifying Robker.

8. **Choice of Law.** This Agreement is governed by, and shall be construed in accordance with, the internal laws of the State of California, without regard to any conflicts of laws provisions. The parties agree that the choice of California law is reasonable and appropriate. Venue shall be San Diego County only. The Parties my not file in any other jurisdiction other than San Diego County. The Parties have all agreed and stipulated that venue and jurisdiction for all purposes shall only be in Superior Court in San Diego County. ROBKER hereby gives up any right to transfer venue or to remove to federal court. Ewing, at Ewing's option, may file in federal district court.

9. **Successors and Assigns.** The provisions of this Agreement shall be binding upon and inure to the benefit of the Parties to this Agreement and their respective successors and assigns.

10. **Survivability.** It is understood and agreed that if any term or provision of this Agreement, or any application of any term or provision to any person, entity, circumstance, or situation, is to any extent invalid or unenforceable, the remainder of this Agreement, and the application of such term or provision to any other person, entity, circumstance, or situation, shall not be invalidated or made unenforceable thereby. Any such invalid portion shall be deemed

severable. It is the Parties' intent to have each term and provision of this Agreement be valid and enforceable to the fullest extent and with respect to all persons, entities, circumstances, and situations permitted by law and equity.

11. **Integration.** Each Party acknowledges and agrees that this Agreement is a full, arms-length, final and complete settlement of all matters contained herein. This Agreement may be modified, amended or changed only by an agreement in writing signed by authorized representatives of all of the Parties. The debts herein are not subject to bankruptcy discharge due to the willful and malicious nature of the harm and acts creating such harm. Each Party represents and warrants that this Agreement is made and executed by such Party upon its own free will and upon advice of counsel of its own choosing. No Party has been influenced, coerced or induced to enter into this Agreement. Each Party further acknowledges and agrees that: this Agreement represents a full and final integration and this Agreement constitutes the entire agreement between the Parties relating to the subject matter reflected herein; the Party executing this Agreement is not relying upon and waives any written or oral statements, representations, claims or defenses other than the representations expressly contained in this Agreement; and all prior negotiations, representations, agreements and understandings between the parties with respect the Lawsuit and the settlement thereof are merged into, extinguished by and superseded by the terms of this Agreement.

12. **Joint Draftsmanship.** Counsel for the Parties jointly negotiated this Agreement and it shall be construed accordingly. The terms of this Agreement shall not be presumptively construed against any of the Parties or be otherwise subject to the doctrine of contra proferentem.

12. **Counterparts.** This Agreement may be executed in two or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same



Agreement. This Agreement shall be effective and finally executed when identical counterparts, which when taken together bear the signatures of all Parties, have been delivered to counsel or representatives for all the Parties, either by e-mail, facsimile or overnight delivery service. Copies of all or part of this Agreement, including signatures thereto, which are transmitted by facsimile or by e-mail in .pdf or other electronic format, shall be presumed valid. The Parties agree that this Agreement may be transmitted by facsimile, electronic mail, or such similar device, and that the reproduction of signatures by facsimile, electronic mail, or such similar device will be treated as binding as if originals.

15. **Further Assurances.** The Parties shall execute, deliver and perform or cause to be executed, delivered and performed any and all such further acts, deeds and assurances as may be reasonably required in order to fully carry out the terms of this Agreement.

16. **Retained Jurisdiction.** The District Court in the Southern District of California shall retain jurisdiction over the parties, and may enforce this settlement agreement by a motion filed by either party. Ewing may seek relief in either Utah bankruptcy court or in the Southern District of California.

Each Party has caused this Agreement to be executed on its respective behalf, as of the date written below.

Dated: January 4, 2023        Anton Ewing

                              By: _____ 2/21/2023
                                  Anton Ewing

Dated: January 4, 2023        Main Streat Marketing, LLC

Page 10 of 11

By: _____
Jerrod Robker, its CEO

Jerrod Robker
By: _____
Jerrod Robker, an individual

Address: _____
Phone: _____
Email: _____